UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ALICIA M. STEVENS,

       Plaintiff,

                                                                                        Civil No. 01-72911
                                                                                    Hon. John Feikens

       v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    Plaintiff Stevens is appealing the denial of her Supplemental Security Income (SSI) application. Cross motions for summary judgment were filed and referred to the Magistrate Judge. The Magistrate Judge recommends this Court reverse the decision of the Commissioner of Social Security ("Commissioner") because it was not based on substantial evidence, and recommends this Court remand the case to the Commissioner solely for an award of benefits because this case has been in the adjudication process for seven years. The Commissioner timely objected to this Report and Recommendation. I hereby ADOPT the Magistrate Judge's finding that the Commissioner's decision was not based on substantial evidence, but REJECT the Magistrate Judge's recommendation to remand this case solely for an award of benefits and instead remand to determine if Plaintiff is entitled to benefits.

**I.    FACTUAL BACKGROUND**

    This case is before this Court for the second time after having had three separate hearings

before various Administrative Law Judges[1] (ALJs), a decision of the Social Security Appeals Council ("Appeals Council") reversing an ALJ decision, and a previous remand from this Court to the Commissioner "for further development and evaluation."

Plaintiff at the time of her application was a 42 year-old woman with a work history that included employment as a bartender, a waitress, a food services worker, and manager of a private social club.  (See Tr. 74-75 & 85-90.)  She filed an SSI application in March of 2000.  (Tr. 57-90.)  In this application, she alleged she suffered from depression, shoulder pain, and pain related to an automobile accident.  (Tr. 66.)  This application was denied by the Regional Commissioner on July 18, 2000.  (Tr. 36-39.)  After this denial, Plaintiff requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 40.)  Plaintiff received this hearing, her first before an ALJ, on May 23, 2001.  (Tr. 177-225.)  In June of 2001, the ALJ published his written decision denying the claim.  (Tr. 162-71.)  The ALJ found Plaintiff was afflicted with several severe physical and mental impairments, but that they did not qualify under the Social Security Regulations to permit Plaintiff to collect benefits.  (Tr. 170-71.)  The ALJ further found Plaintiff was unable to perform her previous work, but that she had the Residual Functional Capacity (RFC) to perform "light work" in other jobs that exist in substantial numbers in the economy.  (Id.)  Thus, the ALJ found she was not disabled.  In August of 2001, Plaintiff filed suit in this Court to reverse this finding.  (Tr. 172; E.D. Mich. Docket No. 1.)  Pursuant to stipulation by both parties, on December 12, 2001 this Court remanded the case to the Commissioner for "further development and evaluation."  (Tr. 173-74; E.D. Mich. Docket No. 6.)

---

[1] Each hearing was conducted before a different ALJ.  (Cf. Tr. 177-225, 416-61, and 482-510.)

A second hearing was held before another ALJ on January 16, 2003 in which Plaintiff's claim was again denied. (See Tr. 416-61 & 408-15.) In his written decision of April 25, 2003, this ALJ found Plaintiff suffered from several physical impairments, but that no one of these nor all of them in total were as severe as the impairments listed in the Social Security regulations. (Tr. 414-15.) This ALJ also found that Plaintiff had the RFC to perform light work, but differed from the previous ALJ in that he found that Plaintiff was able to return to her past work as a bartender or manager. (Id.) Thus, he too found that Plaintiff was not disabled.

Plaintiff appealed this decision to the Appeals Council, and that body remanded the case for further hearing. (Tr. 467-69.) The Council gave three reasons for this remand: (1) inadequate consideration of Plaintiff's allegations of mental impairment, (2) improper findings on Plaintiff's physical impairments, and (3) Plaintiff had been a bartender for an insufficient time for that job to constitute past, relevant work. (Id.) The Appeals Council instructed the ALJ that on remand it should use updated medical records and take further testimony from a Vocational Expert (VE), along with any other actions necessary to properly construct the record in this case. (Tr. 468-69.)

Plaintiff's third, and to this date final, hearing before an ALJ occurred January 7, 2004. (Tr. 482-510.) This ALJ also denied Plaintiff's claim in a written decision of March 22, 2004. (Tr. 19-28.) He found, as the two previous ALJs to him had found, that Plaintiff had severe physical ailments that did not rise to the level of those listed in Social Security regulations. (Tr. 27-28.) This ALJ further found Plaintiff suffered from mental ailments, but that those also did not rise to the necessary level for benefits. (Tr. 27.) In this finding, he relied on the following testimony of a VE:

3

> Q: If I were to find that the claimant was capable of performing work that did not involve lifting no more than ten pounds repeatedly, twenty pounds occasionally. That she could perform no work that involved overhead reaching, repetitive reaching or pushing or pulling, or climbing ladders, ropes, or scaffolds. Or work in extreme temperature or humidity conditions. Or work involving interacting with the general public. Would there be work that she could perform?
>
> A: If you placed the individual at a light exertional level, housekeeping, food preparation, packaging, and inspection. At the light exertional level there would be approximately 12,000 such jobs in the metropolitan area, about 25,000 in the State.

(Tr. 507.) The ALJ then made his finding on Plaintiff's ability as follows:

> The claimant has the residual functional capacity for light work with limitations of no overhead reaching, no repetitive pushing, pulling or reaching, no climbing, no work with ladders, no extremes of temperature of humidity, only simple unskilled tasks, and no work involving interaction with the general public.

(Tr. 27.) Plaintiff sought review of this decision from the Appeals Council, but that request was denied. (Tr. 6-7.) Plaintiff then sought review in this Court.

## II.     LEGAL STANDARDS

### 1.     Eligibility to Receive Disability Benefits

To determine if an individual is disabled, an ALJ must apply a familiar five-factor test. This test is as follows:

> The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment." If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed.

Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001). The burden of proof for the first four factors is on the Plaintiff to establish her limitations. If Plaintiff is able to prove each of the first four factors, the government must then prove the fifth factor, which is the existence of "substantial

gainful work which exists in the national economy" in which Plaintiff can work with her limitations.  Id.  To meet its burden of proof for the fifth factor, the Commissioner often will present the testimony of a VE in response to a hypothetical question regarding the capabilities of an individual with Plaintiff's limitations.  For this answer to qualify as substantial evidence, it must "accurately portray[] [plaintiff's] individual physical and mental impairments."  Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987).

2.      Judicial Review of Decisions of the Commissioner

"Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion."  Brainard v. Sec'y of Health & Human Servs., 889 F.2d 679, 681 (6th Cir. 1989).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.; see also Richardson v. Perales, 402 U.S. 389, 401 (1971).  The decision of the ALJ must be affirmed if it is supported by substantial evidence, "even if the evidence could support a contrary decision."  Elam ex rel. Golay v. Comm'r of Soc. Sec., 348 F.3d 124, 125 (6th Cir. 2003) cited in Redfield v. Comm'r of Soc. Sec., 366 F. Supp.2d 489, 494 (E.D. Mich. 2005) (Lawson, J.).  "Courts are not permitted to try the cases de novo."  Myers v. Richardson, 471 F.2d 1265, 1267 (6th Cir. 1971) cited in Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); see also Brainard, 889 F.2d at 681.  If a Magistrate Judge submits a Report and Recommendation reviewing the determination of the Commissioner and objections are filed to that Report and Recommendation, the District Court reviews those portions to which the party objects de novo.  28 U.S.C. § 636(b)(1)(C).

**III. ANALYSIS**

1. <u>The ALJ's Decision is not Supported by Substantial Evidence</u>

I ADOPT the Magistrate Judge's recommendation that the ALJ's decision is not supported by substantial evidence. The evidence upon which the ALJ relied in his decision was the answer given by the VE to the ALJ's hypothetical question. The VE testified that Plaintiff could perform housekeeping, food preparation, packaging, and inspection work. (Tr. 507.) The ALJ then relied upon the VE's testimony and found that Plaintiff could only perform jobs involving "simple unskilled tasks." (Tr. 27.) Neither the ALJ's question nor the VE's answer to the question referenced simple unskilled tasks. (Tr. 507.) The fault in the ALJ's reliance, therefore, is that there is no evidence that the jobs mentioned by the VE only require "simple unskilled tasks." Without this evidence, the hypothetical failed to include all of Plaintiff's limitations and is therefore faulty. <u>Varley</u>, 820 F.2d at 779 ("Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'") (internal citations omitted). As there is no other evidence in the record that can lead to this finding, the finding is not supported by substantial evidence and must be vacated.

The Commissioner objects[2] to this recommendation of the Magistrate Judge, asserting that the VE testified that his testimony was consistent with the <u>Dictionary of Occupational</u>

---

[2]Defendant also objects that due to Plaintiff's age and education, "a finding that she was not disabled would have been appropriate even if she had been limited to sedentary-level work." (Def't Obj. to Report & Recommendation 2.) This argument fails to consider Plaintiff's mental impairments, however. I see no reason to disturb the ALJ's finding that Plaintiff suffered from a mental impairment.

Titles[3] ("DOT"), and that document identifies "numerous occupational titles consistent with the jobs the VE identified." (Def't Obj. to Report & Recommendation 3.)  Thus, Defendant argues that because there are jobs within the categories of "housekeeping, food preparation, packaging, and inspection work" that only require simple unskilled tasks, the ALJ had substantial evidence on which to base his decision.[4]  This is incorrect.  Whether there are jobs within those categories that meet the necessary restrictions is not the appropriate question; the judge must find that there is "substantial gainful work which exists in the national economy" that meet the restrictions.  42 U.S.C. § 1382c(a)(3)(B).  This is a numerosity requirement, as "'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."  Id.  Since the record fails to show how many jobs there are within those categories that meet Plaintiff's restrictions, and therefore necessarily does not show they exist in significant numbers, the ALJ has failed to rely on substantial evidence to make his decision.  As Defendant has failed to meet its burden on this factor, the decision of the ALJ must be vacated.

2.      There is Still Factual Dispute, so Remand for Determination of Eligibility is Necessary

Though I adopt the portion of the Magistrate Judge's recommendation to reverse the Commissioner's decision, I REJECT her recommendation regarding the appropriate remedy and instead remand this case for additional administrative proceedings.  The Magistrate Judge

---

[3] This dictionary is available on the internet at http://www.oalj.dol.gov/LIBDOT.HTM.

[4] Defendant further argues that the ALJ's decision should be affirmed because "Plaintiff has advanced no reason why she was unable to perform the jobs identified by the VE." (Def't Obj. to Report & Recommendation 3.)  This statement improperly reverses the burden of proof on this fifth factor, however.  See Foster, 279 F.3d at 354

recommends remanding solely for an award of benefits, expressing her displeasure that this case has been heard by an ALJ three times, had two administrative appeals, and has already been remanded by this Court to the Commissioner once. She asserts that even though she believes there is sufficient evidence to decide either way, the procedural history of this case mandates that further administrative proceedings not be held due to their previous ineffectiveness to bring this case to a prompt conclusion. (Report & Recommendation 15-20.) She relies on persuasive authority from the Second Circuit to assert this Court's ability to remand solely for an award of benefits when reversal is based upon the Commissioner's failure to carry her burden on the fifth factor, particularly when there has already been undue delay in deciding the application. (Report & Recommendation 16 citing Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000) and Balsamo v. Chater, 142 F.3d 75, 80 (2d Cir. 1998).) The problem with this recommendation is that Sixth Circuit case law clearly states that "[i]f a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 176 (6th Cir. 1994) (emphasis added) reversing Case No. 91-72793, slip op. (E.D. Mich. Aug. 25, 1992) (Feikens, J.). The Sixth Circuit more recently has found that "the Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 477 (6th Cir. 2003). The Magistrate Judge in her Report and Recommendation admitted there may be substantial evidence supporting the ALJ's finding. (Report & Recommendation 17 ("[T]here

9

may be substantial evidence in the record to support the ALJ's assessment of plaintiff's physical and mental limitations....").) She also admitted that the reason for remand is that "the ALJ committed a simple error." (Report & Recommendation 15.) In a similar case, this Court has adopted the following language of another Magistrate Judge in remanding a case to the ALJ:

> In this case "all essential factual issues" have been *not* been resolved with regard to impact of Plaintiff's depression on her vocational capacity [*sic*]. Nor is the current case one where "proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." Accordingly, a remand for further administrative proceedings consistent with this Report and Recommendation is necessary.

Eiseler v. Barnhart, 344 F. Supp.2d 1019, 1030 (E.D. Mich. 2003) (Feikens, J.) (adopting Report and Recommendation of Pepe, Mag. J. without objection) (emphasis in original). When the reason for the rejection of the ALJ's decision is a lack of substantial evidence, and the record indicates that remand to potentially find such evidence would not be futile, remand to the body assigned the role of weighing evidence and making factual determinations is appropriate. For this reason, I remand for a determination of eligibility for benefits instead of solely to award benefits, and therefore REJECT the Magistrate Judge's recommendation on this issue.

     I want to make clear, however, that this remand is <u>not</u> for the purpose of retrying this entire case. The error in the proceedings before me, a failure to include every characteristic of the claimant in a hypothetical question to a VE, is clearly grounds for reversal. However, such an error is easily corrected. The ALJ merely must ask the VE the following question:

  Would there be substantial gainful work which exists in the national economy that the claimant could perform if I find she has the following limitations:
- she can lift no more than ten pounds repeatedly, twenty pounds occasionally;
- she cannot perform any overhead reaching;
- she cannot perform any repetitive reaching, pushing or pulling;
- she cannot climb or otherwise work with any ladders, ropes, or scaffolds;
- she cannot work in extreme temperature or humidity conditions;
- she cannot work in any position involving interacting with the general public; and
- she can only perform simple, unskilled tasks?

If the VE answers yes, then combined with the facts the ALJs have already found there is substantial evidence on which to find Plaintiff is not entitled to benefits.[5]  If the VE answers no, then based on the aforementioned facts Plaintiff would be entitled to benefits.  This is not a case where the Commissioner should feel compelled to reinvent the wheel on remand; a specific defect has been named and it is now the Commissioner's obligation to address it.

## IV.    CONCLUSION

  For the aforementioned reasons, I ADOPT IN PART and REJECT IN PART the Report and Recommendation of the Magistrate Judge.  I ADOPT her finding that the ALJ's decision was not supported by substantial evidence, and REJECT her finding that this case should be remanded to the Commissioner solely for a determination of benefits.  I instead remand so that the Commissioner can determine if Plaintiff is entitled to benefits pursuant to the facts that have already been found in this case.

---

[5]Of course, the VE should then testify as to the type of work and number of jobs that meet these limitations so the ALJ can be sure that the work qualifies as "substantial gainful work which exists in the national economy." See 42 U.S.C. § 1382c(a)(3)(B).

11

**IT IS SO ORDERED.**

Date:     April 17, 2007                                  s/John Feikens                              
                                                          United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on April 17, 2007, by U.S. first class mail or electronic means.
>
>                              s/Carol Cohron            
>                              Case Manager